# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT LA TROY WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-1335** |
| **ST. TAMMANY PARISH JAIL, ET AL.** | **SECTION: "S" (4)** |

## PARTIAL REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit Proposed Findings and Recommendations for disposition pursuant to **Title 28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.

### I.  Factual and Procedural Background

The Plaintiff, Robert La Troy White ("White"), filed a complaint *pro se* and *in forma pauperis* pursuant to Title 42 U.S.C. § 1983 alleging that he has been denied proper access to legal materials.  In connection with his suit, he named the St. Tammany Parish Jail, Warden Core, Assistant Warden Longino, and Sergeant Delatte as Defendants.

The complaint was filed on March 25, 2008.  However, Defendant Sergeant Delatte was not served within 120 days of that date as required by Fed. R. Civ. P. 4(m).  Instead, the summons was returned unexecuted on April 17, 2008.  The summons stated that Sergeant Delatte was "no longer employed with St. Tammany."

In this case, because White failed to serve Sergeant Delatte within the 120 days as required by the Federal Rules, this Court issued a Rule to Show Cause ordering White to show cause why his claims against Sergeant Delatte should not be dismissed for failure to comply with the mandates of Fed. R. Civ. P. 4(m). (*See* Rec. Doc. No. 24). White responded to the Order with a "Memorandum in Support" providing that he has "no means to know what the court procedures [are] or [to] review any rules of the court." Further, White advised that he is "not trained in law and [he] have [sic] dyslexia."

"The Fifth Circuit has held that *pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law ... [t]o hold that complete ignorance of Rule 4(j) [predecessor of Rule 4(m)] constitutes good cause for untimely service would allow the good cause exception to swallow the rule.'" *Asad v. Crosby*, 158 Fed. Appx. 166, 171 n. 4 (11th Cir. 2005) (quoting *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quotation and citation omitted); *see also Wright v. Doe*, 2007 WL 1989490, *2 n.4 (W.D. Okla. Dec. 21, 2006) ("[E]ven though he was acting *pro se*, Mr. Wright was obligated to follow Rule 4(m) and his lack of legal knowledge would not supply 'good cause' for a further extension of time."); *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (ignorance of the rules is generally insufficient to demonstrate "good cause" for failure of timely service).

## II. Recommendation

It is therefore **RECOMMENDED** that Robert La Troy White's claims against Defendant Sergeant Delatte be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Fed. R. Civ. P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 13th day of March, 2009

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**