UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT LA TROY WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1335** |
| **ST. TAMMANY PARISH JAIL** | **SECTION "S"(4)** |

**O R D E R**

The plaintiff, Robert LaTroy White, filed an Application for Writ of Mandamus (Rec. Doc. No. 73) in which he seeks an order from this Court directing officials at the Louisiana State Penitentiary to allow him access to the law books and computers used by the legal department for inmates, including access to the "civil team" of inmate counselors available at the main prison building. White alleges that he requested access to law books through the Falcon Unit in Camp D where he is housed. He claims that he was informed by inmate counsel that they assist in criminal matters, although there is a civil team available at the main prison. White alleges that he is entitled to access to meaningful legal assistance to prepare for the trial in this case.

The Court first notes that White has not demonstrated an inability to communicate with this Court or to adequately present his case, in which he has represented himself for almost two years. In addition, the Louisiana State Penitentiary is not within the territorial jurisdiction of the Eastern District of Louisiana and this Court would not be a proper venue for pursuit of new suit alleging denial of access to court claims against the officials of that institution. 28 U.S.C. § 98(a),(c); 28

U.S.C. § 1391(b). Finally, and most significantly, federal courts have no general power to direct state officials in the performance of their duties where mandamus is the only relief sought. *Accord Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1983); *Anderson v. Beto*, 469 F.2d 1076 (5th Cir. 1972). Accordingly,

**IT IS ORDERED** that White's Application for Writ of Mandamus (Rec. Doc. No. 73) is **DENIED**.

New Orleans, Louisiana, this \_\_11th\_\_ day of May, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**