UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ROBERT LA TROY WHITE | CIVIL ACTION |
| --- | --- |
| VERSUS | NO. 08-1335 |
| ST. TAMMANY PARISH JAIL | UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY |

## ORDER AND REASONS

This matter is before the Court upon consent of the parties pursuant to 28 U.S.C. § 636(c). The defendants, Warden Mike Core and Warden Greg Longino, filed a **Motion for Summary Judgment (Rec. Doc. No. 79)** seeking summary judgment dismissing the plaintiff Robert LaTroy White's claims against them for the following reasons: (1) White failed to exhaust administrative remedies; (2) White failed to allege personal involvement or a policy decision by Core and Longino; and (3) White failed to allege actual harm resulting from access to legal materials at the prison. The plaintiff, Robert LaTroy White, filed two oppositions to the motion.[1] The Court has determined that the motion can be resolved without an evidentiary hearing.

**I.** **Factual Background**

    **A.** **The Complaint and Amended Complaint**

White was housed in the St. Tammany Parish Jail ("STPJ") in Covington, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* pursuant to Title 42 U.S. C. § 1983. He is

---

[1]Rec. Doc. Nos. 82, 83.

currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] White filed this complaint against the St. Tammany Parish Jail, Warden Mike Core, Deputy Warden Greg Longino, and Sergeant Delatte, alleging that he was denied access to legal materials while housed in STPJ. White amended his complaint to name Core and Longino each in their individual and official capacities. Pursuant to the Court's prior orders, the claims against Sergeant Delatte and the St. Tammany Parish Jail and White's claims for injunctive relief have been dismissed.[3]

White alleges that he was arrested by the St. Tammany Parish Sheriff's Office on May 30, 2007, and placed in STPJ. White alleges that he requested information regarding access to law books. He claims that he was informed that the jail did not provide law books.

White further alleges that, on June 25, 2007, he appeared in court in connection with his criminal case, and he informed the court of his intent to represent himself. He states that, upon his return to the jail, he notified "key officers" of this same intent. He informed the jail staff that he would need access to a law library and adequate assistance of a person trained in the law. He claims that he was again told that the jail had no law library or person trained in the law to assist him in preparing legal documents. He was also told that the prison did not provide a notarial service or paper, stamps, and copies.

White alleges that he filed a grievance complaint regarding the above requests. He claims that he did not receive a written reply. Instead, he was taken to see Sergeant Delatte, who informed him that the jail had no books available for the inmates' use.

---

[2] Rec. Doc. No. 47.

[3] Rec. Doc. Nos. 57, 58.

White alleges that, upon his request, Sergeant Delatte gave his mother certain parameters which would allow her to send him a book. Sergeant Delatte also agreed to provide White, upon request, with up to two copies of specific laws or cases which could be obtained on-line. He would be able to use the copies for three days. White states that he told the Sergeant he had no way of determining which laws or cases he would need.

White further claims that, on or about September 24, 2007, he again informed the state court that he intended to represent himself in his criminal proceedings. When he returned to the jail, he notified the prison officials that he was still representing himself and needed the means necessary to prepare for pretrial motions and trial. White claims that he received the same response, that no books were available for the inmates.

White alleges that he managed to file some pretrial motions without access to adequate legal research materials. He claims that his motions were not as effective as they would have been with proper materials. He also filed, on October 3, 2007, a motion for the state court to order the jail or St. Tammany Parish to provide him with adequate access to legal materials. The court denied the motion.

White claims that he was forced to prepare for trial without access to legal materials. He was eventually tried and convicted on November 12, 2007, in one case and other charges were dropped.

White argues that the defendants denied his constitutional right to meaningful access to the courts by failing to provide him with access to legal materials and assistance at the jail. He claims that this denial caused or attributed to his conviction. He also claims that this willful disregard for his constitutional rights violated his Due Process rights.

As relief, White seeks an order directing STPJ and its officials to provide legal materials and assistance in compliance with current standards set forth in Supreme Court precedence and by the American Corrections Association, the American Bar Association, and the American Association of Law Libraries Guidelines for Legal Reference Service in Correctional Institutions. He also seeks $100,000 in compensatory damages and $200,000 in punitive damages, as clarified in his amended complaint.

### B.     The *Spears* Hearing

White testified that he needed access to the Court because he was representing himself in criminal cases in St. Tammany Parish for armed robbery and Tangipahoa Parish for possession of cocaine and aggravated battery. He complains that he had no means of doing research regarding his pretrial rights or post-conviction rights.

He testified that he made a request for access to legal research books and did not receive a response. He thereafter filed a grievance and the prison officials did not respond. Instead, he met with Officer Delatte and he was allowed to have a book brought from home.

Officer Delatte offered to get information off of the internet for him, but White stated that he had no way to know what to ask for or what he needed. He stated that he had no real knowledge of what needed to be researched and no means to copy what would be given to him. He also stated that the copies had to be returned within three days.

He testified that he went to trial on the armed robbery charge and was convicted on May 30, 2007. At the time of the hearing, he was awaiting sentencing in St. Tammany Parish, and he was awaiting trial in Tangipahoa Parish. He acknowledged that the state courts offered him appointment

4

of counsel but he declined representation because of prior problems with the public defenders' office.

At the time of the hearing, he did not have a trial date in Tangipahoa Parish and had not notified the Court that he was incarcerated in St. Tammany Parish. He stated that he had not been given an address for that court. He claims that he spoke to Officer Delatte and asked for a telephone book to get addresses, and the request was denied.

White testified that he named Warden Core as a defendant because he was the "key officer" at the prison and responsible for the policy of not providing books to inmates for legal research. White testified that he sued Deputy Warden Longino because he spoke to Longino two months prior to this hearing that he was not being allowed access to law books and he could not communicate with the courts. White further stated that he filed a writ of mandamus with the state court and the court denied relief.

## II. <u>Standard of Review</u>

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). The Court's task is not to resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried. *See Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party. *Id.* at 248.

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party carries its burden of proving that there is no material factual dispute, the burden shifts to the nonmovant "to show that summary judgment should not lie." *Hopper v. Frank*, 16 F.3d 92, 96 (5th Cir. 1994). While the court must consider the evidence with all reasonable inferences in the light most favorable to the nonmovant, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." *Id.*

Instead, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue of fact for trial.'" *Celotex Corp*, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56(e)). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *See Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994).

### III.    Defendants' Motion for Summary Judgment

In support of their motion, the defendants argue that White has failed to allege that Wardens Core and Longino had any personal involvement in his attempts to obtain legal materials at the jail. The defendants argue that he alleges only that someone identified as Sergeant Delatte did not adequately assist him in following the jail's policy to obtain legal materials.

They also argue that, as a legal matter, White is not entitled to unlimited access to a full law library. The law only requires limited and adequate access, which the jail's policy meets. They also allege that he has failed to demonstrate an actual injury or prejudice resulting from the prison's policy. Further, they argue that White was not entitled to access to legal materials, because he chose to waive the appointment of counsel in his criminal trial, and because he had counsel appointed to advise him in his pro se representation during trial and had counsel appointed to represent him at sentencing.

The defendants allege further that White failed to exhaust the prison's posted administrative grievance process prior to filing his suit. The defendants present an affidavit and other documentation to establish that White did not file an appropriate grievance complaint. In the alternative, they argue that, even if he had, he did not pursue the matter beyond the initial complaint. They argue that, to the extent he did not get a response, he was obliged to appeal to the next step of the process.

## IV. **Plaintiff's Opposition**

White argues that the defendants' motion should be denied because it was filed after the Court's deadline passed notwithstanding the extension granted by the Court which was granted without a response from him. White also contends that he has never alleged that he was denied access to legal materials, but instead he has alleged that he was denied meaningful access to the Courts as provided in *Bounds v. Smith* in connection with his St. Tammany Parish Criminal Case No. 434333. White further argues that the defendants have failed to produce any law library requests dated prior to his trial or any that were signed by Sergeant DeLatte.

He also suggests that the defendants should not be able to claim failure to exhaust because they did not reply to his grievance complaint. He asserts that there are genuine issues of fact regarding his exhaustion. He further alleges that he testified at the *Spears* Hearing that he spoke with the Warden about his access to the courts problem and that the Wardens were the policy-makers.

Furthermore, White alleges that he was not given an inmate rule book. He also contends that none of his library requests were answered while he was preparing for trial. He then concedes that he never filed a grievance complaint related to denial of access to a law library. He states, however, that this is not his claim; he reiterates that his claim is that he was not provided meaningful access to the Courts as required by *Bounds*.

White also alleges that he has outstanding discovery that has not been answered by the defendants, which should prevent the granting of the motion under Fed. R. Civ. P. 56(f). He claims that, because of the outstanding discovery, he has been unable to complete an affidavit to challenge the statement of facts presented by defendants.

He also claims that he has alleged that his conviction was the result of the denial of meaningful access to the Courts during his criminal trial in St. Tammany Parish. He refers the Court to the trial records already submitted as exhibits.

**V.     Analysis**

The Court has reviewed the motion, the exhibits, and the plaintiff's opposition memoranda, and finds that White's claim must fail as a matter of law. Therefore, the Court need not consider the defendants' exhaustion defense. Furthermore, because White's claim fails on legal grounds, rather

than factual, the Court will consider the merits of the defendants' motion without need to complete discovery as requested by White under Fed. R. Civ. P. 56(f).

Prisoners have a First Amendment right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Dickinson v. Tex., Fort Bend County*, 325 F. App'x 389, 390 (5th Cir. 2009); *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998); *Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996); *Sandoval v. Johns*, 264 F.3d 1142, 2001 WL 822779, at *1 (5th Cir. June 29, 2001) (Table, Text in Westlaw). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828.

In this case, the undisputed facts reflect that White waived his right to appointed counsel in the criminal proceedings forming the basis of this complaint. White chose to proceed *pro se*, and the state court appointed advisory counsel for him. The United States Fifth Circuit has repeatedly held that a prisoner who knowingly and voluntarily waives representation by counsel in a criminal proceeding is not entitled to access to a law library in the jail system as provided in *Bounds* and its progeny. *Degrate v. Godwin*, 84 F.3d 768, 768-769 (5th Cir. 1996);[4] *Jackson v. Caddo Corr. Ctr.*, 67 F. App'x 253, (5th Cir. 2003) ("Jackson contends that he was entitled to library access to prepare for his criminal case, in which he was proceeding pro se. Because the state courts offered him appointed counsel, his right of access to the courts was satisfied.")

---

[4]*citing*, *inter alia*, *United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990) (state does not have to provide access to a law library to defendants who wish to represent themselves), *cert. denied*, 498 U.S. 986 (1990); *United States ex rel George v. Lane*, 718 F.2d 226, 233 (7th Cir. 1983) (state was not required to offer a defendant law library access once it offered the defendant assistance of counsel, which the defendant declined).

Thus, White was not entitled to the protections afforded most inmates in *Bounds* and its progeny. He chose to represent himself in the criminal proceedings, thereby rejecting the very help envisioned by *Bounds*. Furthermore, he had access to legal assistance through his advisory counsel. In such a case, the prison was not required to provide or make available further legal assistance.

Even if the Court were to consider the contours of *Bounds*, White's claim must fail. His claims against Warden Core and Warden Longino arise from their alleged promulgation of the policies related to access to legal materials at the prison. White concedes in his opposition memoranda that *Bounds* recognizes two ways to provide meaningful access to courts, access to a law library or to adequate legal assistance. In order to state a claim that his constitutional right of access to the courts was violated, White must therefore "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). He also must demonstrate that his position as a litigant was actually prejudiced. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Cochran v. Baldwin*, No. 05-20100, 2006 WL 2418945, at *1 (5th Cir. Aug. 18, 2006); *Smith v. Polunsky*, 233 F.3d 575, No. 00-40362, 2000 WL 1468717, at *1 (5th Cir. Sep. 5, 2000) (Table, Text in Westlaw); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996).

White repeats several times in his opposition memoranda that his claim is <u>not</u> and was never that he was denied access to a law library at the prison. White has also never alleged that he sought legal assistance at the jail. He in fact had already refused the assistance of counsel at trial and was proceeding *pro se*. White, instead, insists that he was denied meaningful access to the courts as demonstrated by the state court criminal record. He does not point to a particular pleading or order

in that record. He also does not explain what it is he means by "access to the courts" if not in the context of the right identified in *Bounds*.

White leaves this Court with two conclusions: (1) he is not alleging that he was denied access to a law library at the prison; and (2) he is not alleging that he was denied access to legal assistance at the jail. This makes clear that he has not asserted and does not intend to assert a *Bounds* claim. As noted above, those are two of the elements needed to prove a denial of access to the courts under *Bounds*. Outside of *Bounds*, the federal courts have not recognized another definition of what it means to be provided, or denied, meaningful access to the courts. Since White has not and does not intend to prove a denial of access to a law library or to legal assistance, his denial of access to the court's claim is legally baseless.

White also has not pointed to any particular prejudice that was caused by the defendants or the jail's policy on accessing legal materials. Even in his complaint, he only argued that his state court pleadings were not as effective as they could have been if he had access to more legal materials. He forgets as well that he had access to advisory counsel even if he was not content with the materials provided at the jail. His bare allegations are not sufficient to establish "that his position as a litigant was prejudiced by his denial of access to the courts." *Eason*, 73 F.3d at 1328 (*citing Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993)). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court ." *Vaccaro v. United States*, 125 F.3d 852, 1997 WL 574977, at *1 (5th Cir. Aug. 28, 1997) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir.1993)) (Table, Text in Westlaw); *Eason*, 73 F.3d at 1328. White has made no such showing.

White's conclusory reference to pleadings in his criminal case record, and the conviction itself, is not sufficient to prove prejudice caused by any action or inaction by the defendants or the law library policy at the prison. He has excluded from his claim those very items which must be provided to him under *Bounds*, i.e., access to a law library or legal assistance. He has not pointed to any particular injury during his trial which was a direct result of the access to legal materials at the prison.

White is required to go beyond the pleadings in the record and show specific facts which would require that this case proceed to trial. He has not done so. For the foregoing reasons, White has failed to establish a genuine issue of fact to be left for trial. The defendants are entitled to judgment as a matter of law, because White has failed to prove a claim under *Bounds*.

Accordingly, **IT IS ORDERED** that the defendants' **Motion for Summary Judgment (Rec. Doc. No. 79)** is **GRANTED** and the plaintiff's claims against the defendants Core and Longino are **DISMISSED WITH PREJUDICE**.

The parties are responsible for notifying their witnesses that the jury trial set for June 28 and 29, 2010, is cancelled in light of the granting of defendants' motion for summary judgment.

New Orleans, Louisiana, this 24th day of May, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**